UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ILLINOIS CASUALTY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. |
| | ) |
| LGF RESTAURANT INC. d/b/a CHOPSTICK, | ) |
| BERSAIN J. OZAETA; and ADRIAN S. | ) |
| PERKINS, Personal Representative of the | ) |
| Estate of VICTORIA N. HAGAN, Deceased, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, ILLINOIS CASUALTY COMPANY ("ICC"), by undersigned counsel, Thomas J. Costello III, for its Complaint for Declaratory Judgment against Defendants, LGF RESTAURANT INC. d/b/a CHOPSTICK ("CHOPSTICK"), BERSAIN J. OZAETA ("OZAETA"); and ADRIAN S. PERKINS, Personal Representative of the Estate of VICTORIA N. HAGAN, Deceased ("PERKINS"), states as follows:

**Nature of the Case**

1.     This is an action for declaratory judgment under 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between and among the parties. This declaratory judgment is sought because ICC contends that no potential coverage, duty to defend or duty to indemnify is owed to Defendant CHOPSTICK in connection with an underlying complaint and lawsuit filed by PERKINS in the Circuit Court of Bartholomew County, Indiana, Cause No. 3C01-2311-CT-006050 (hereinafter referred to as "the Underlying Lawsuit"). Plaintiff, ICC, prays for a declaratory judgment seeking relief as outlined herein.

## Parties

2.    Plaintiff, ICC, is an insurance company organized under the laws of Illinois and with its principal place of business in Rock Island, Illinois. Thus, ICC is a citizen of Illinois.

3.    Defendant, CHOPSTICK, is or was a corporation registered in Indiana, and doing business in Bartholomew County, Indiana. Thus, CHOPSTICK is a citizen of Indiana.

4.    Defendant, OZAETA, is a resident of Columbus, Bartholomew County, Indiana. Thus, OZAETA is a citizen of Indiana.

5.    Defendant, PERKINS, is the Underlying Plaintiff in the Underlying Lawsuit and is thus named herein as a nominal but potentially interested, and thus necessary, party only. Defendant PERKINS is a natural person and citizen of Indiana.

## Jurisdiction

6.    Under 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this case because ICC is a citizen of a state different from CHOPSTICK, OZAETA and PERKINS, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Venue

7.    Under 28 U.S.C. § 1391(b)(3), venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this judicial district.

## Factual Allegations

8.    Defendants PERKINS' Underlying Lawsuit included an original Underlying Complaint filed against OZAETA, only, on November 28, 2023. See ECF 1-1.

9.    The original Underlying Complaint filed against OZAETA, only, alleged that on or about October 19, 2022, OZAETA negligently drove his vehicle causing his vehicle to strike and kill the Underlying Plaintiff's decedent, Victoria Hagan, who was a pedestrian. See ECF 1-1.

10. The original Underlying Complaint did not include CHOPSTICK as a defendant, did not include any allegations against CHOPSTICK, nor did it allege that OZAETA was working for or within the course and scope of employment with CHOPSTICK. See ECF 1-1.

11. The original Underlying Complaint was served on OZAETA in November 2023, and OZAETA appeared through counsel on December 27, 2023, and actively litigated the case since that time. See ECF 1-1.

12. Meanwhile, on February 15, 2024, an Underlying Amended Complaint was filed, including for the first time CHOPSTICK as an additional defendant. See ECF 1-2.

13. In the Underlying Amended Complaint, it alleged that OZAETA was an employee of and was operating his vehicle while in the course of employment with CHOPSTICK and alleged therefore that CHOPSTICK was liable for damages to the plaintiff's decedent and plaintiff for all negligent acts committed by OZAETA. See ECF 1-2.

14. Neither OZAETA nor CHOPSTICK provided any notice to ICC of the accident of October 19, 2022.

15. Defendant OZAETA has failed to ever provide ICC with notice of that accident, the Underlying Lawsuit, either Underlying Complaint, or to provide ICC with copies of any summons, complaints, demands and/or legal papers received in connection with the Underlying Lawsuit.

16. Similarly, Defendant CHOPSTICK failed to notify ICC of the accident following learning of the same on or shortly after October 19, 2022.

17. Additionally, Defendant CHOPSTICK failed to provide ICC with copies of any summons, complaints, demands and/or legal papers received in connection with the Underlying Lawsuit until December 10, 2025, despite having been served with the Underlying Lawsuit on or

3

about February 21, 2024.  See copy of return of service on CHOPSTICK in Underlying Lawsuit attached hereto as ECF 1-3.

      18.     No appearance, responsive pleading or any other filing was filed by CHOPSTICK in the Underlying Lawsuit.

      19.     A motion for default judgment was filed against CHOPSTICK in the Underlying Lawsuit on December 1, 2025, and default judgment was entered against CHOPSTICK on December 2, 2025.  See copy of Motion for Default at ECF 1-4 and copy of default judgment at ECF 1-5.

      20.     CHOPSTICK, through its insurance broker, provided first notice to ICC regarding the Underlying Lawsuit along with copies of some discovery requests, but no copies of the complaint, default motion or default judgment, on December 10, 2025.

      21.     Through ICC's own subsequent investigation, ICC learned of the accident, the Underlying Lawsuit, the February 2024 purported service on CHOPSTICK in the Underlying Lawsuit, the default judgment motion and the default judgment order on or after December 10, 2025, and disclaimed coverage to both CHOPSTICK and OZAETA as soon as practicable thereafter, in addition to filing the present Complaint for Declaratory Judgment.

## **Provisions of ICC Policy**

      22.     ICC issued Businessowners Policy Number BP37006 to named insured, "LGF Restaurant Inc DBA Chopstick", 3045 Columbus Ctr, Columbus IN 47203, for the Policy Period of 11/26/2021 to 11/26/2022.  A copy of the ICC Policy is attached in ECF No. 1-6.

      23.     The ICC Policy's potentially relevant provisions include, but are not necessarily limited to, the following:

    **BUSINESSOWNERS LIABILITY COVERAGE FORM**
    …
    **A.  Coverage**

1. **Business Liability**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend against any "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
   …
   (3) If we initially defend an insured or pay for an insured's defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.

   The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.
   …
…
B. **Exclusions**

   1. **Applicable To Business Liability Coverage**
   …
   i. **Aircraft, Unmanned Aircraft, Auto Or Watercraft**

      (1) "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "unmanned aircraft", "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

      This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "unmanned aircraft", "auto" or watercraft that is owned or operated by or rented or leased to any insured.

      This exclusion does not apply to:
      …
      (f) "Bodily injury" or "property damage" arising out of the use of a "non-owned auto" in your business, by any person other than you or your "delivery driver".

      **(g)** "Bodily injury" or "property damage" arising out of the use of a "hired auto" by you or your "employee", other than your "delivery driver", in your business.

…

**C. Who Is An Insured**

  **1. If you are designated in the Declarations as:**

    An individual, a partnership or joint venture, a limited liability company, a trust, a club, or an organization other than a partnership, joint venture, limited liability company, trust or club, the following are insureds, but only with respect to the conduct of your business:

    **a.** You and your spouse;
    **b.** Your members;
    **c.** Your partners and their spouse;
    **d.** Your managers, but only with respect to their duties as your manager(s);
    **e.** Your trustees, beneficiaries, and/or the agents of either, but only with respect to their duties as your trustees, beneficiaries and/or the agents of either;
    **f.** Your "executive officers" or directors, but only with respect to their duties as your officers;
    **g.** Your auxiliaries or auxiliary members, but only with respect to their liability for your activities or activities they perform on your behalf, and/or;
    **h.** Your stockholders, but only with respect to their liability as your stockholders.

  **2. Each of the following is also an insured:**

    **a.** Your "club members" or "volunteer workers" but only while performing duties related to the conduct of your business, or your "employees", but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees", "volunteer workers" or "club members" is an insured for:

…

**E. Liability, Medical Expenses And Merchandise Withdrawal Expenses General Conditions**

…

  **2. Duties In The Event Of Occurrence, Offense, Claim, Suit, Defect Or Merchandise Withdrawal**

    We have no duty to pay, nor any duty to defend, unless you and any other insured have fully complied with the conditions outlined below.

    **a. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

      **(1)** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        **(a)** How, when and where the "occurrence" or offense took place;

      **(b)** The names and addresses of any injured persons and witnesses; and

      **(c)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

  **(2)** If a claim is made or "suit" is brought against any insured, you must:

      **(a)** Immediately record the specifics of the claim or "suit" and the date received; and

      **(b)** Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

      **(c)** Promptly notify any other company providing insurance which may have a duty to pay, pay on behalf of, indemnify and/or defend you and tender the investigation of any claim and tender the defense of any "suit" to that company.

  **(3)** You and any other involved insured must:

      **(a)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      **(b)** Authorize us to obtain records and other information;

      **(c)** Cooperate with us in the investigation, or settlement of the claim or defense against the "suit"; and

      **(d)** Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

      **(e)** Agree to be examined under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim or "suit". At our option and expense, any examination under oath may be visually or audibly recorded as well as be recorded by stenographic record. In the event of an examination, an insured's answers must be signed.

      **(f)** Tender the investigation of any claim and tender the defense of any "suit" to any other company providing insurance which may have a duty to pay, to pay on behalf of, to indemnify and/or defend any insured.

  **(4)** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our written consent.

…

**F. Definitions**

  **1. Words with Special Meaning**

…
**b.** "Auto" means:

**(1)** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**(2)** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle registration law where it is licensed or principally garaged.

However, "auto' does not include "mobile equipment".

…
**g.** "Delivery driver" means:

**(1)** An "employee" hired by you while operating a "hired auto" or a "non-owned auto" in the course of making deliveries of food, beverages, and/or food and/or beverage-related items in connection with your business; or

**(2)** An independent contractor engaged by you while operating a "hired auto" or "non-owned auto" in the course of making deliveries of food, beverages, and/or food and/or beverage-related items in connection with your business.

…
**l.** "Hired auto" means only those "autos" you lease for less than six months, hire, rent, or borrow. This does not include any "autos" you lease, hire, rent, or borrow from any of your "employees" or "delivery drivers", your "executive officers", your partners, your members or members of their households. This also does not include any "auto" while being operated by your "delivery driver."

…
**v.** "Non-owned auto" means only those autos you do not own, lease, hire, rent, or borrow that are used in connection with your business except:

**(1)** If you are a partnership, a "non-owned auto" does not include any "auto" owned by any partner;

**(2)** If you are a joint venture or a limited liability company, a "non-owned auto" does not include any "auto" owned by any member;

**(3)** A "non-owned auto" does not include any auto while being operated by your "delivery driver".

# COUNT ONE

# DECLARATORY JUDGMENT UNDER LIABILITY COVERAGE OF ICC BUSINESSOWNERS POLICY

1-23.   Plaintiff, ICC, repeats and realleges the allegations contained in Paragraphs 1 through 23 of this Complaint with the same force and effect as if set forth herein.

24.   The coverage afforded by the ICC Policy's Liability Coverage is subject to the terms, conditions, limitations and exclusions set forth in the Policy.

25.   This includes, but is not necessarily limited to, Exclusion B.1.i., Aircraft, Unmanned Aircraft, Auto Or Watercraft.  See ECF 1-6.

26.   Said exclusion provides that the ICC Policy does not afford coverage for liability imposed on an insured for "bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to any insured.

27.   The subject vehicle was owned by CHOPSTICK employee OZAETA, who was allegedly working at the time of the accident as a delivery driver for CHOPSTICK. See ECF 1-2.

28.   As such, the Underlying Lawsuit alleges "bodily injury" arising out of the operation, ownership and use of an insured's vehicle by both OZAETA and, as his employer, by CHOPSTICK, and so the exclusion applies to exclude any potential coverage for both OZAETA and CHOPSTICK.

29.   Notwithstanding the lack of potential coverage available from the ICC Policy, ILLINOIS CASUALTY COMPANY has decided to provide a defense subject to a reservation of rights that includes the right to recoup defense costs, fees and expenses incurred in defending CHOPSTICK in connection with the Underlying Lawsuit, and so ICC also prays for judgment that it is entitled to reimbursement of any and all defense costs, fees and expenses paid and/or otherwise incurred in the defense of CHOPSTICK in connection with the Underlying Lawsuit.

For the reasons set forth above, ILLINOIS CASUALTY COMPANY, asks this Court to enter a declaratory judgment for ILLINOIS CASUALTY COMPANY and against Defendants,

declaring that the subject ICC Policy No. BP37006 does not afford any coverage to CHOPSTICK and/or OZAETA with respect to the Underlying Complaints and Underlying Lawsuit filed against them by PERKINS, and that ILLINOIS CASUALTY COMPANY does not owe any duty to defend or duty to indemnify CHOPSTICK and/or OZAETA in connection with the same, and is not obligated to pay, indemnify or reimburse CHOPSTICK and/or OZAETA for any expenses, attorneys' fees, costs, settlements, judgments, or any other costs related to PERKINS' Underlying Lawsuit, and for a judgment reimbursing ICC for any defense costs, fees or expenses incurred in providing a defense to CHOPSTICK in connection with the Underlying Lawsuit, along with any other relief that this Court deems just and necessary to effectuate the relief sought in this Complaint.

## COUNT TWO

### NO COVERAGE IS AFFORDED TO EITHER CHOPSTICK OR OZAETA DUE TO THEIR RESPECTIVE BREACHES OF THE POLICY CONDITIONS

1-29. Plaintiff, ICC, repeats and realleges the allegations contained in Paragraphs 1 through 29 of this Complaint with the same force and effect as if set forth herein.

30. The ICC Policy contains numerous conditions precedent to coverage, the breach of any one of which precludes any coverage being afforded by the Policy. See ECF 1-6.

31. The conditions include, but are not limited to, obligations that any insured:

  a. Must see to it that ICC is notified as soon as practicable of an "occurrence" or offense which may result in a claim;

  b. Must, if any claim is made or "suit" is brought against any insured, notify ICC as soon as practicable;

  c. Must promptly notify any other company providing insurance which may have a duty to pay, pay on behalf of, indemnify and/or defend any insured and

        tender the investigation of any claim and defense of any "suit" to that company;

    d. Must immediately send ICC copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit".

See ECF 1-6.

32. Despite being obligated to comply with every one of those conditions as a precedent to any coverage being afforded by the ICC Policy, OZAETA and CHOPSTICK failed to provide notice to ICC of the October 19, 2022, accident.

33. Further, OZAETA, despite being served with the original Underlying Complaint in November 2023 and actively litigating and defending against the suit since December 2023, never provided notice to ICC regarding the Underlying Lawsuit nor copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit".

34. Meanwhile, CHOPSTICK, despite being served with the Underlying Amended Complaint in February 2024, never provided notice to ICC regarding the Underlying Lawsuit nor provided copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit" until CHOPSTICK's insurance broker forwarded copies of some discovery requests sent to CHOPSTICK on or about December 10, 2025.

35. In its subsequent investigation of the matter, ICC discovered that CHOPSTICK had been served in the Underlying Lawsuit in February 2024, never sent nor advised ICC of the same, never appeared or defended itself in the Underlying Lawsuit, and that default judgment had been entered against CHOPSTICK on December 2, 2025.

36. CHOPSTICK's and OZAETA's breaches of the policy conditions preclude any

coverage from being afforded to either or both of them by ICC in connection with the Underlying Lawsuit, and as a result, ICC does not owe a duty to defend or indemnify CHOPSTICK and/or OZAETA in connection with the Underlying Lawsuit.

37. Notwithstanding the lack of potential coverage available from the ICC Policy, ILLINOIS CASUALTY COMPANY has decided to provide a defense subject to a reservation of rights that includes the right to recoup defense costs, fees and expenses incurred in defending CHOPSTICK in connection with the Underlying Lawsuit, and so ICC also prays for judgment that it is entitled to reimbursement of any and all defense costs, fees and expenses paid and/or otherwise incurred in the defense of CHOPSTICK in connection with the Underlying Lawsuit.

For the reasons set forth above, ILLINOIS CASUALTY COMPANY, asks this Court to enter a declaratory judgment for ILLINOIS CASUALTY COMPANY and against Defendants, declaring that the subject ICC Policy No. BP37006 does not afford any coverage to CHOPSTICK and/or OZAETA with respect to the Underlying Complaints and Underlying Lawsuit filed against them by PERKINS, and that ILLINOIS CASUALTY COMPANY does not owe any duty to defend or duty to indemnify CHOPSTICK and/or OZAETA in connection with the same, and is not obligated to pay, indemnify or reimburse CHOPSTICK and/or OZAETA for any expenses, attorneys' fees, costs, settlements, judgments, or any other costs related to PERKINS' Underlying Lawsuit, and for a judgment reimbursing ICC for any defense costs, fees or expenses incurred in providing a defense to CHOPSTICK in connection with the Underlying Lawsuit, along with any other relief that this Court deems just and necessary to effectuate the relief sought in this Complaint.

Best, Vanderlaan & Harrington

By: __/s/ Thomas Costello_____

        Thomas J. Costello III #35190-45
        228 W. Lincoln Highway
        Number 323
        Schererville, IN 46375
        312-819-1100
        Fax 312-819-8062
        [tcostello@bestfirm.com](mailto:tcostello@bestfirm.com)
        *Counsel for Plaintiff, Illinois Casualty Company*